# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT GALGANO,<br><br>*Plaintiff*,<br><br>v.<br><br>TOWNSHIP OF OLD BRIDGE,<br><br>*Defendants*. | Civil Action No.: 17-cv-772 (PGS)<br><br>**MEMORANDUM AND ORDER** |

SHERIDAN, U.S.D.J.

This matter is before the Court on Defendant Township of Old Bridge's motion to dismiss. (ECF No. 6). It was originally filed in state court and was removed to federal court on February 6, 2017 [ECF No. 1] based on original jurisdiction, provided by Plaintiff's First Amendment claims. On July 28, 2017, Defendant filed this motion to dismiss arguing that Plaintiff's claims must be resolved by arbitration pursuant to the Collective Bargain Agreement (CBA) between the Township of Old Bridge and the Old Bridge Policemen's Association, Local No. 127.

I.

On September 16, 2015, a letter from Councilman Brian Cahill was published in a local newspaper. Cahill mentioned how the Mayor placed "priority on public safety" and described other improvements to the police department. On October 7, 2015, mycentraljersey.com published a letter to the editor written by Plaintiff titled "Cahill misrepresenting Old Bridge Police Department" in which he responded and countered statements Cahill made in his September 16th letter to the editor. As a result of the letter, on October 8, 2015, Defendant initiated an Internal Affairs Investigation regarding Plaintiff's October 7th letter published on mycentraljersey.com.

1

Defendants initiated the investigation after receiving a complaint from the Township's business administrator, Christopher Marion.

## II.

Plaintiff Galgano, a police officer, claims that Defendants advised him on October 8, 2015, that a complaint had been filed against him and an investigation had been commenced to determine, by way of his conduct, that Galgano violated four of the Defendant's Rules and Regulations: 3:1.40 On-Line Social Network/Personal Webpage; 3:1.37 Use of Position; 3:1.16 Criticism of Official Acts or Orders; 3:6.11 Public Statements. Pursuant to the CBA, the Township has the right to discipline employees for "just cause." (See Def. Br. Ex. B.) Accordingly, on July 20, 2016, and August 28, 2016, two disciplinary hearings were held. Following the hearings, on December 5, 2016, Hearing Officer Edward Florio issued a decision upholding Defendant's decision to deduct three (3) sick days from Plaintiff's sick time bank. (Id. Ex. F).

Galgano appealed that decision by filing an action in lieu of prerogative writ in the Superior Court of New Jersey pursuant to N.J.S.A. 40A:14-150. The Complaint alleged that Hearing Officer Florio erred because he failed to consider Plaintiff's first amendment and due process rights. Plaintiff sought dismissal of the administrative charges and to award equitable, punitive, and compensatory damages on all lost wages.

Defendant removed the case. The removal was solely based on Plaintiff's assertion of First Amendment rights. In response to Defendant's motion to dismiss and compel arbitration, Plaintiff argued (but did not file a motion) that the case should be remanded because he was not setting forth a claim for violation of his First Amendment and due process rights under Section § 1983; rather, his claim was to dismiss the disciplinary charges, and his constitutional rights are a defense. As a result, the Court sua sponte addresses whether the Court has subject matter

jurisdiction. In filing the Complaint, Plaintiff sought a de novo hearing wherein a judge would review the transcript before the hearing office and make findings of fact and conclusions of law. At oral argument, Plaintiff's counsel stated:

> Your Honor, we're using the First Amendment to defend these charges, is that a claim is it defense, it is being used in the United States Constitution first [.] First Amendment is being used in this case to try and prevail on these charges. . . I don't have a statutory first amendment claim, I'm not asking for damages as a result of – in terms of give him a million dollars for his emotional distress, but I'm using the First Amendment to defend these charges. Thank you. (T. 24:10-19).

Defense counsel partially agreed with Plaintiff's counsel; but he interpreted the Complaint differently. At oral argument he commented:

> This isn't something that I came up with in a vacuum, this was conferenced before the magistrate, I only removed [this case] based upon this First Amendment claim thinking that we'd be arguing a First Amendment case; and then after discussions it was related all plaintiff wants is a de novo review of his three day - - and it's not even a suspension, his docked three days from his sick leave. So the net - - the issue was narrowed in front of Magistrate Bongiovanni, and it was to file a motion to see whether the case is available to arbitration, or should be in front of a judge.

(T 8:12-17).

### III.

Initially, when a case is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). "[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case cannot be removed to Federal Court solely on the basis of a federal defense. *See Gateway 2000 v. Cyrix Corp.*, 942 F. Supp. 985, 990 (D.N.J. 1996); *Taxi v. Aura Transp., Inc.*, 2015 U.S. Dist. LEXIS 50746, *9 (Apr. 17, 2015).

The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy, since removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

"The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded[]" to state court. 28 U.S.C. § 1447(c).

Here, the sole reason for removal was the First Amendment. The underlying action is to review and dismiss the disciplinary charges. The First Amendment rights are a defense rather than a cause of action. *Taxi v. Aura Transp., Inc*., 2015 U.S. Dist. LEXIS 50746, *9 (Apr. 17, 2015). As such, the Court has no subject matter jurisdiction over the case.

**ORDER**

This matter having come before the Court on Defendant, Township of Old Bridge's motion to dismiss (ECF No. 6); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 18th day of January, 2018

ORDERED that Defendants' Motion to Dismiss (ECF No. 6) is denied without prejudice; and it is further

ORDERED that this matter be remanded to state court.

*s/Peter G. Sheridan*  
*PETER G. SHERIDAN, U.S.D.J.*